HUGHES *et al. vs.* THE WINSHIP MACHINE COMPANY.

1. Where personal property is sold on the false and fraudulent representation of the purchaser that he owns certain real and personal estate unincumbered, and that there are no judgments or other liens against him, and he thus obtains possession of the property and credit for the price, giving no security except a mortgage upon the property itself, when in fact there are judgment liens against him and he is insolvent, the vendor, on discovering the fraud, may rescind the contract and reclaim the property. And this may be done even after the mortgage has been foreclosed and the property sold under the mortgage *fi. fa.*, the existence of the judgments being until then unknown, and the mortgagee being himself the purchaser at the mortgage sale.

2. Even if at law the mortgage lien be superior to the lien of the judgments, the money produced by the sale under the mortgage not

being in court, but in the hands of the mortgagee, where it ought to remain, equity has jurisdiction to hold off both the officer and the judgment creditors.

April 1, 1887.

Contracts. Sales. Fraud. Estoppel. Equity. Injunction. Mortgage. Judgments. Before Judge Hutchins. Banks Superior Court. September Term, 1886.

Reported in the decision.

M. L. Smith; H. H. Perry, for plaintiffs in error.

W. F. Findley, for defendant.

Bleckley, Chief Justice.

The Winship Machine Company sold a cotton-gin to Clark, upon his representation that he was the owner of certain land unincumbered, and of another cotton-gin, and upon his further representation that there were no judgments or other liens against him. He gave to them, in the notes for the price, a mortgage upon the gin, which mortgage was recorded. No other security was given. In point of fact, as the bill alleges, he was insolvent, did not own the land unincumbered, and there were judgment liens against him at the time, one of them in favor of Carter & Sons. The notes matured, none of them being paid or even partly paid. The mortgage was foreclosed, and the cotton-gin seized and sold by the constable under the mortgage *fi. fa.* The Winship Machine Co. purchased, and the officer delivered to them possession of the gin, but did not require them to pay any money on the purchase. Just then, Carter & Sons, judgment creditors, presented their judgment and claimed the money. This was the condition of matters when the bill was filed. All these facts are alleged in the bill, and it prays that the officer be enjoined from requiring the payment of the money, and that the judgment creditors, Carter & Sons, be enjoined from pros-

ecuting their judgment against the proceeds of the sale. It was demurred to. The demurrer was overruled, and a preliminary injunction granted; and the error alleged is the overruling of the demurrer. The demurrer went to the whole bill, and was based on the grounds that there was no equity in the bill, and that there was a common-law remedy.

1. Where personal property is sold on the false and fraudulent representation of the purchaser that he owns certain real and personal estate unincumbered, and that there are no judgments or other liens against him, and he thus obtains possession of the property and credit for the price, giving no security except a mortgage upon the property itself, when in fact there are judgment liens against him and he is insolvent, the vendor, on discovering the fraud, may rescind the contract and reclaim the property. And this may be done even after the mortgage has been foreclosed and the property sold under the mortgage *fi. fa.* the existence of the judgments being until then unknown, and the mortgagee being himself the purchaser at the mortgage sale.

Of course the Winship Machine Company could not take advantage of this fraud until they discovered it, and no discovery occurred until all these acts had been accomplished. It is argued that, as against the judgment creditors, the machine company are estopped from denying that the title passed. These creditors did not credit upon the faith of this property. Not only their debts, but their judgments, existed before the transaction, and not one cent of the debtor's money has ever been taken by the machine company in payment for this gin. Carter & Sons are not injured; they have done no act upon the faith of this property, except to claim the proceeds of the mortgage sale; and for them now to say that the Winship Machine Company are estopped, is something like complaining at being excited by the presence of prey without the opportunity of seizing and devouring it. That is the only

damage that has come to them; they have had expecta-
tions excited which are threatened with disappointment,
and which we think ought to be disappointed.

On the question of whether there is a common law
remedy, there would, at first view, seem to be some diffi-
culty in the way of maintaining the bill, under the de-
cision of this court in *Scott, Carhart & Co. vs. Warren,*
21 *Ga.* 408. A majority of the court held that on a sale
of land, where, at the time of making the conveyance, a
mortgage was taken for the purchase money, the vendor
had a superior lien by the mortgage to the lien of prior
judgment creditors of the purchaser. That decision was
not concurred in by one member, and a very able mem-
ber of the court; but granting it to be correct, and we
are not now doubting it, the seller of this gin did not,
under the principles of that decision, lose the legal and
equitable right to rescind this sale; and it may be more
to the seller's advantage to rescind for the fraud than to
confirm the sale and stand upon the lien of the mortgage.
There may be consequences of granting that the title
passed to the insolvent purchaser, which we do not and
cannot now foresee. I myself can think of such an event
as this: If the purchaser should die before this litigation
is ended, and this money should be in court, some claim
to it might be set up to pay funeral expenses, expenses of
administration, year's support for widow and minors, etc.
These and perhaps other incidents connected with giving
up the right of rescission might be injurious.

There is another element to ground equity jurisdiction
upon. The fund that these creditors seek to reach is not
in court or in the hands of the officer; but in the Winship
Machine Company's hands, where it ought to be. They
have not parted with the money bid for the gin, other
than to pay all the costs of the proceedings, which they
have done. There is no reason why they should pay this
money to the officer or into the court, and litigate with
the judgment creditors for it. The case is not ripe for a

money rule until the money is in the hands of the officer. For these two considerations, we hold there is a case for equity jurisdiction, even if the mortgage lien is better than the lien of the prior judgments.

If at law the mortgage lien be superior to the lien of the judgments, the money produced by the sale under the mortgage not being in court, but in the hands of the mortgagee, where it ought to remain, equity has jurisdiction to hold off both the officer and the judgment creditors.

Judgment affirmed.